UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MICHAEL J. SOUTHWARD,

    Plaintiff,

vs.

FEDEX FREIGHT, INC.,

    Defendant.

Case No. 3:13-cv-227

Magistrate Judge Michael J. Newman
(Consent Case)[1]

---

**DECISION AND ENTRY: (1) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. 8); (2) DIRECTING THE CLERK TO ENTER JUDGMENT IN FAVOR OF DEFENDANT; AND (3) TERMINATING THIS CASE**

---

This civil consent case is before the Court on Defendant FedEx Freight, Inc.'s ("FedEx") motion for summary judgment. Doc. 8. Plaintiff Michael Southward ("Southward") filed a memorandum in opposition to FedEx's motion. Doc. 14. FedEx filed a reply memorandum in support of its motion. Doc. 15. As explained more fully below, Southward has not come forward with any affidavits, deposition testimony, or other Rule 56 evidence in response to FedEx's properly supported summary judgment motion. The Court has carefully considered all of the documents before it, and FedEx's motion for summary judgment is now ripe for decision.[2]

---

[1] The parties unanimously consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 6. As a result, United States District Judge Thomas M. Rose referred this case to the undersigned for disposition. *Id*. Accordingly, the undersigned is empowered to dispose of all matters herein, whether non-dispositive or dispositive. *See* 28 U.S.C. § 636(c).

[2] Jurisdiction in this case is premised on the parties' diverse citizenship. *See* 28 U.S.C. § 1332; *see also* doc. 1 at PageID 2. Southward is an Ohio resident and FedEx is a resident of Arkansas, where it is incorporated and maintains its principal place of business. Doc. 1 at PageID 2. Because Southward asserts only state law claims, state law must apply. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78-79 (1938). Because the parties rely solely on Ohio law in support of their arguments, and present no argument that the law of any other state should apply, the Court applies Ohio law to Southward's claims. *See Wilkes Assocs. v. Hollander Indus. Corp.*, 144 F.Supp.2d 944, 949 n.4 (S.D. Ohio 2001).

**I.**

In his memorandum in opposition to FedEx's motion for summary judgment, Southward fails to cite any specific evidence in the record supporting his factual assertions as required by Fed. R. Civ. P. 56(c). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the [C]ourt may . . . consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2). In light of Southward's failure to present and/or cite any Rule 56 evidence in opposing FedEx's motion for summary judgment, for purposes of deciding this motion, the Court accepts, as true, the facts presented by FedEx. *See id*; *see also Travelers Cas. & Sur. Co. of Am. v. J.O.A. Constr. Co., Inc.*, 479 F. App'x 684, 692 (6th Cir. 2012).

Southward began employment as a driver with American Freightways in 1993 and, subsequently, became employed as an over-the-road trucker for FedEx in 2001 upon its acquisition of American Freightways. Doc. 9-1 at PageID 87-88. All FedEx truckers are responsible for, and required to comply with, the FedEx "Driver Manual" upon hire. Doc. 10 at PageID 256. One provision of the Driver Manual states that "[f]ailure to follow company safety policies, procedures, and/or guidelines will result in corrective action up to and including termination." *Id*. at PageID 263. When a FedEx driver engages in certain unsafe practices, he or she is subjected to a formal "driver safety review." *Id*. at PageID 280-82. FedEx gives drivers an opportunity to avoid discipline and/or termination upon running afoul of the Driver Manual -- and still receive corrective feedback -- through a program called "Friend of Safety" ("FOS"). Doc. 10 at PageID 257-58.

On January 16, 2012, while driving east on Interstate 70 from Indianapolis to Dayton, Indiana State Police stopped Southward for "following too close" to the truck in front of him and

gave him a written warning -- as opposed to a citation. Doc 9-2 at PageID 216-17. Southward's traffic offense also violated the FedEx Driver Manual and, therefore, Mark Courter, FedEx Manager of Safety & Compliance, initiated the FOS program for Southward. Doc. 10 at PageID 258. The FOS program initiated for Southward included a conference call, during which he was directed to watch driving safety videos and provide a written statement evidencing a commitment to safe driving going forward. *Id*. According to Courter, during the conference call, Southward "did not seem to accept the idea that he had engaged in unsafe driving." *Id*. From Courter's perspective, Southward displayed a similar attitude when viewing the driving safety videos and in writing his commitment statement. *Id*. at PageID 259.

Not satisfied that Southward accepted responsibility for unsafe driving, Courter initiated several unannounced observations of Southward's on-the-job driving. *Id*. Upon directly observing Southward's driving, Ty Work -- a Field Safety Advisor -- and Justin Shafter -- an Assistant Manager -- reported observing Southward drive at excessive speeds and, again, following too close to other vehicles. *Id*. at PageID 259, 299-300. As a result of these safety infractions directly observed by Work and Shafter, FedEx revoked Southward's driving privileges, placed him out of service without pay, and initiated the formal safety review process. *Id*. at PageID 260, 301-02.

Consistent with the Driver Manual, FedEx's Safety Review Committee reviewed Southward's safety record and determined that, as of February 3, 2012, he was "disqualified to operate any vehicle for [FedEx]." *Id*. at PageID 260, 304-06. Because he was disqualified from driving, FedEx offered Southward a position as a part-time dock worker -- FedEx's only available non-driving position at that time. Doc. 9-1 at PageID 137. Southward declined the offer, effectively terminating his employment pending the outcome of an appeal. *Id*.; *see also*

3

Doc. 11 at PageID 317.  Ultimately, the Driver Disqualification Appeal Committee upheld the disqualification of Southward's driving privileges, thus ending Southward's employment with FedEx.  Doc. 10 at PageID 310; Doc. 11 at PageID 317.

Southward now brings suit against FedEx asserting four claims: (1) breach of contract; (2) misrepresentation; (3) negligent and/or intentional infliction of emotional distress; and (4) negligent and/or intentional inference with a business relationship.  Doc. 2 at PageID 19-20.  All four of these state law claims are controlled by Ohio law.  *See supra* at note 2.  FedEx moves for summary judgment on all claims asserted by Southward.  Doc. 8 at PageID 40.

## II.

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law.  Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 47-248 (1986).  "Summary judgment is only appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'"  *Keweenaw Bay Indian Comm. v. Rising*, 477 F.3d 881, 886 (6th Cir. 2007) (quoting Fed. R. Civ. P. 56(c)).  "Weighing of the evidence or making credibility determinations are prohibited at summary judgment -- rather, all facts must be viewed in the light most favorable to the non-moving party."  *Id*.

Once "a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading[.]"  *Viergutz v. Lucent Technologies, Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010) (citation omitted).  Instead, the party

opposing summary judgment "must -- by affidavits or as otherwise provided in this rule -- set out specific facts showing a genuine issue for trial." *Id*. (citation omitted). In fact, Fed. R. Civ. P. 56(c) states that "[a] party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . or . . . showing that the material cited do not establish the absence . . . of a genuine dispute[.]" Where "a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).

Finally, "there is no duty imposed upon the trial court to 'search the entire record to establish that it is bereft of a genuine issue of material fact.'" *Buarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 404 (6th Cir. 1992) (citations omitted). Instead, "[i]t is the attorneys, not the judges, who have interviewed the witnesses and handled the physical exhibits; it is the attorneys, not the judges, who have been present at the depositions; and it is the attorneys, not the judges, who have a professional and financial stake in case outcome." *Id*. at 406. In other words, "the free-ranging search for supporting facts is a task for which attorneys in the case are equipped and for which courts generally are not." *Id*.

### III.

FedEx first moves for summary judgment on Southward's breach of contract claim asserting that Southward was an at-will employee and that no contract exists between him and FedEx. Doc. 8-1 at PageID 47-53. In response, Southward argues that, although he did not have a written contractual agreement, an implied contract existed between him and FedEx based upon a statement made by a previous employee of American Freightways -- an individual named Woody Donner, now deceased -- that, "as long as [Plaintiff] did his job, [he'd] have a job." Doc. 14 at PageID 420-21; *see also* Doc. 9-1 at PageID 176.

Both parties cite Ohio law to support their arguments. Doc. 8-1 at PageID 48; Doc. 14 at PageID 421. "In Ohio, an employment relationship which has no fixed duration is considered at-will, meaning either party can terminate the relationship at any time, without cause." *Dunina v. LifeCare Hosps. of Dayton*, No. 21142, 2006 WL 1529475, at * 3 (Ohio Ct. App. June 2, 2006) (citing *Henkel v. Educ. Research Council*, 344 N.E.2d 118, 119 (Ohio 1976)). In fact, "[t]here is a strong presumption of at-will employment[.]" *Davidson v. Ziegler Tire & Supply Co.*, No. 2012 CA 00165, 2013 WL 3242154, at *4 (Ohio Ct. App. June 24, 2013) (citing *Mers v. Dispatch Printing Co.*, 483 N.E.2d 150, 153 n.1 (Ohio 1985)).

Certain exceptions to the at-will employment doctrine exist that, if proven, can overcome the strong presumption of at-will employment, including "the existence of an express or implied contract[.]" *Dunina*, 2006 WL 1529475, at *3. However, "[t]he party asserting an implied contract of employment has a heavy burden." *Hill v. Christ Hosp.*, 723 N.E.2d 581, 586 (Ohio Ct. App. 1998) (citation omitted). The Sixth Circuit, applying Ohio law, holds that:

> Generally speaking, a contract for permanent employment, for life employment, or for other terms purporting permanent employment, where the employee furnishes no consideration additional to the services incident to the employment, amounts to an indefinite general hiring terminable at the will of either party, and a discharge without cause does not constitute a breach of such contract justifying recovery of damages.

*Humphreys v. Bellaire Corp.*, 966 F.2d 1037, 1040 (6th Cir. 1992).

Here, there is no dispute that Southward's alleged contract with FedEx (or American Freightways) did not contain any promise of employment for a specific period of time (doc. 9-1 at PageID 1760) and, therefore, his employment was presumptively at-will. *Accord Humphreys*, 966 F.2d at 1040. In addition, there is no evidence of any consideration given by Southward -- aside from his continued performance of the job -- in exchange for the promise of lifetime

6

employment. Thus, the statement that Southward relies upon to establish a contract of employment for life -- that "as long as [he] did his job, [he'd] have a job" -- amounts to nothing more "than an indefinite general hiring terminable at the will of either party." *Id*. As a result, Southward's termination, even if supported by no cause whatsoever, "does not constitute a breach of . . . contract justifying recovery of damages." *Id*. Accordingly, based on all of the foregoing, the Court grants summary judgment in favor of FedEx on Southward's breach of contract claim.

**IV.**

FedEx next seeks summary judgment on Southward's misrepresentation claim. Southward devotes a single sentence to this claim in his memorandum in opposition stating only, without record citation, that "Defendant misrepresented to [him] that he would be and was the number one drive out of the Dayton terminal[.]" Doc. 14 at PageID 421. Notably, at his deposition, Southward testified that Donner told him that he would "be the number one driver at American Freightways" so long as he did not quit or get fired. Doc. 9-1 at PageID 177.

Southward, in his memorandum in opposition, presents no argument and points to no evidence suggesting that Donner's statement was false when made or that he relied on Donner's statement to his detriment. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). In the absence of some developed argumentation regarding this claim, the undersigned finds summary judgment is proper in favor of FedEx.

The undersigned also finds summary judgment proper upon consideration of the merits. To prevail on a claim of fraudulent misrepresentation under Ohio law, Southward must prove the following:

> (1) a representation, or where there is a duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying on it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately cause by the reliance.

*Buchanan v. Improved Props., LLC*, 7 N.E.3d 634, 642 (Ohio Ct. App. 2014) (citation and quotation marks omitted). Again, as stated *supra*, Southward points to no Rule 56 evidence suggesting that the statement uttered by Donner in 1993 was false in any manner. As a result, the Court grants summary judgment in favor of FedEx on Southward's misrepresentation claim.

## V.

FedEx also seeks summary judgment on Southward's emotional distress claims. Doc. 8-1 at PageID 55-57. Southward, in opposition to FedEx's motion, sets forth only the conclusory contention, without any record citation, that his termination "caused him to suffer emotional distress." Doc. 14 at PageID 421. While Southward fails to cite any portion of his deposition, he does argue that he "stated in his deposition" that he "suffer[ed] emotional distress" directly "as a result of being terminated[.]" *Id*.

An intentional infliction of emotional distress claim under Ohio law requires proof that:

> (1) the defendant intended to cause, or knew or should have known that his actions would result in serious emotional distress; (2) the defendant's conduct was so extreme and outrageous that it went beyond all possible bounds of decency and can be considered completely intolerable in a civilized community; (3) the defendant's actions proximately caused psychological injury to the plaintiff; and (4) the plaintiff suffered serious mental anguish of a nature no reasonable person could be expected to endure.

*Shugart v. Ocwen Loan Servicing, LLC*, 747 F.Supp.2d 938, 944-45 (S.D. Ohio 2010) (citations omitted). Here, Southward's intentional infliction of emotional distress claim fails for at least

8

two reasons. First, "simply terminating an employee, in and of itself . . . is insufficient conduct upon which one can base" such a claim. *Kendrick v. Walgreen Co.*, No. 3:11-cv-404, 2012 WL 5845016, at *12 (S.D. Ohio Nov. 19, 2012) (citing *Blackshear v. Interstate Brands Corp.*, No. 10–3696, 2012 WL 3553499, at *6 (6th Cir. Aug. 20, 2012); *Godfredson v. Hess & Clark, Inc.*, 173 F.3d 365, 376 (6th Cir. 1999)). Second, "a plaintiff must at least provide some evidence beyond his or her own testimony" to support the assertion that he or she suffered severe emotional distress, a requirement Southward fails meet in this case. *See Talley v. Family Dollar Stores of Ohio, Inc.*, 542 F.3d 1099, 1111 (6th Cir. 2008) (citing *Buckman–Peirson v. Brannon*, 822 N.E.2d 830, 841 (Ohio Ct. App. 2004)). Accordingly, the Court finds merit to FedEx's motion in this regard.

With regard to Southward's alleged negligent infliction of emotional distress claim, in Ohio, "[a] claim of negligent infliction of emotional distress is limited to instances 'where the plaintiff has either witnessed or experienced a dangerous accident or appreciated the actual physical peril.'" *Robinson v. Marc Glassman, Inc.*, No. 5:06cv1792, 2007 WL 3232450, at *8 (N.D. Ohio Oct. 31, 2007) (citing *Heiner v. Moretuzzo*, 652 N.E.2d 664, 669 (Ohio 1995)); *see also Doe v. SexSearch.com*, 551 F.3d 412, 417 (6th Cir. 2008). No such circumstances are alleged in this case. *See* doc. 2. Further, "Ohio courts do not recognize a separate tort for [negligent infliction of emotional distress] in the employment context." *Heck v. Bd. of Trs., Kenyon Coll.*, 12 F.Supp.2d 728, 747-48 (citing *Hanly v. Riverside Methodist Hosp.*, 603 N.E.2d 1126, 1133 (Ohio Ct. App. 1991) (further citations omitted)). Accordingly, the Court also finds merit to FedEx's motion in this regard.

## VI.

Finally, FedEx moves for summary judgment on Southward's tortious interference with a business relationship claim. Doc. 8-1 at PageID 57-58. Southward makes no argument in opposition to FedEx's motion. Doc. 14 at PageID 421-22. Accordingly, the undersigned finds Southward abandons this claim, and grants summary judgment in favor of FedEx on this basis. *See O'Bryan v. Holy See*, 556 F.3d 361, 388 n.14 (6th Cir. 2009).

Further, summary judgment is also appropriate on the merits of such a claim. Significantly, "[t]he tort of interference with [a] business relationship occurs when a person, without privilege to do so, induces or otherwise purposefully causes a third person not to enter into or continue a business relationship with another." *Diamond Wine & Spirits, Inc. v. Dayton Heidelberg Distrib. Co.*, 774 N.E.2d 775, 780 (Ohio Ct. App. 2002). Simply put, one "cannot tortiously interfere with his [or her] own business relationship." *Dolan v. Glouster*, 879 N.E.2d 838, 848 (Ohio Ct. App. 2007). Because Southward's claim is premised on the assertion that FedEx interfered with its own employment relationship with Southward, summary judgment is proper in favor of FedEx as a matter of law.

## VII.

Based on the foregoing, FedEx's motion for summary judgment (doc. 8) is **GRANTED** in its entirety. The Clerk shall enter judgment in favor of Defendant FedEx and terminate this case on the docket.

**IT IS SO ORDERED.**

Date:   October 31, 2014                              *s/ Michael J. Newman*
                                                      Michael J. Newman
                                                      United States Magistrate Judge